COURT OF COMMON PLEAS
FOR THE STATE OF DELAWARE
KENT COUNTY COURTHOUSE
38 THE GREEN
DOVER, DELAWARE 19901
PHONE: (302)735-1948

ANNE HARTNETT REIGLE
    JUDGE

June 16, 2014

Frederick Townsend, Esquire
Schmittinger & Rodriquez, P.A.
414 S. State Street
P.O. Box 497
Dover, DE  19901

Ms. Shelley Anne Smith
592 Blackiston Road
Clayton, DE  19938

**RE:**   *Petition to Change Name of Mallory Sinclair Blow to Mallory Sinclair Smith*
       **C.A. No. CPU5-14-000299**

Dear Mr. Townsend and Ms. Smith:

Ms. Mallory Sinclair Blow has petitioned this Court to change her name to Mallory Sinclair Smith, with the assistance of her biological mother, Ms. Shelley Anne Smith. Respondent, Mr. Donald K. Blow, Jr., who is Ms. Mallory Blow's biological father, opposes the petition. This is the Court's decision granting the Petition.

The petition is in order as to the statutory prerequisites. A hearing was held in this matter on June 2, 2014 in conjunction with another similar petition[1] filed by Mr. Maclaren Sterling Blow, Ms. Mallory Blow's younger brother.

The Court heard testimony during the joint hearing from Ms. Shelley Anne Smith, the mother of the children, Mr. Blow, the father of the children, Ms. Mallory Blow, the petitioner, Mr. Maclaren Blow, the brother who also filed a petition and Ms. Maxon Sloane Blow, a sister

---

[1] *In the Matter of Maclaren Sterling Blow to Maclaren Sterling Smith,* CPU5-14-000298.

who did not file a petition. A fourth child, Mr. Merrick Sinjun Blow also filed a petition[2] as an eighteen year old adult. His petition was granted prior to the hearing in this matter and he did not testify at the hearing.

The Court's primary consideration when reviewing a petition for the name change of a minor child is the welfare of the child.[3] In determining a child's best interest on a change of name petition, certain factors have been regarded by the courts as of prime importance. These factors include: 1) the recognition of the usual custom of a child having the paternal surname; 2) the interest that the responding parent has taken in the child's welfare as evidenced by support, visitation and response to the petition; and 3) the effect that the proposed name change will have on the relationship between the respondent and child recognizing that such may cause estrangement of the child from the parent.[4] In order to determine whether it is in the best interests of a petitioner to grant the proposed name change, ten factors have further been established as proper considerations for a court.[5] Each of these factors will be addressed separately. They are:

1. *A parent's failure to financially support the child.* The parties' testimony was in agreement on this point. Mr. Blow paid child support for Ms. Mallory Blow. Although there was some disagreement about specific charges and the final amount that Mr. Blow would pay and an admission by Mr. Blow that he was not currently paid in full, I do not find that the father has failed to financially support the child and this factor weighs in favor of the Respondent.

2. A *parent's failure to maintain contact with the child.* The testimony was mixed on this point. Mr. Blow has not seen Ms. Mallory Blow since he left the marital home. Ms.

---

[2] *In the Matter of Merrick Sinjun Blow to Merrick Sinjun Smith,* CPU5-14-000300.
[3] *In re Kinderman to Gallagher,* 2009 WL 2857960, at *2 (Del. Com. Pl.).
[4] *In re Kinderman* at *3.
[5] *In re Kinderman* at *3-4.

Mallory Blow testified that she does not have a relationship with her father and that she did not have one before the divorce. Mr. Blow testified that his efforts to see her have been blocked by Ms. Smith and that he received a telephone message from Ms. Mallory Blow that she wished him to refrain from contacting her. Despite these factors, Mr. Blow has made some minimal efforts to see her and he testified that he wished to see her and have a relationship with her in the future. I do not find that the father intentionally failed to maintain contact with the child and this factor weighs in favor of the Respondent.

3. *The length of time that a surname has been used for or by the child.* All parties agreed that Ms. Mallory Blow has used Blow as her last name since birth, while her parents were married. She is almost seventeen years of age. I find that this factor weighs in favor of the Respondent.

4. *Misconduct by one of the child's parents.* The Court finds nothing that would rise to a finding of misconduct by either parent, therefore this factor is given no weight for either party.

5. *Whether the surname is different from the surname of the child's custodial parent.* Ms. Mallory Blow lives with her mother who has the name Smith. However, Ms. Smith chose to return to her maiden name as part of her divorce petition, despite having four children who retained their father's surname. For this reason, this factor is given no weight for either party.

6. *The child's reasonable preference for a surname.* Ms. Mallory Blow testified that she will turn seventeen years of age next month on July 12, 2014. She was very clear and emphatic that she wished her name to be changed to Smith. The Court finds that Ms. Mallory Blow has specific reasons for her request. She testified that she did not have a relationship with her father before or after the divorce and that she does not have a relationship with her paternal grandparents. She clearly identifies with her mother, Ms. Smith, and seems to have sided with

3

her in the divorce.  Although, such strong feelings could certainly be due to the mother's influence, as suggested by Mr. Blow, the Court will accept her wishes as a reasonable request.

When a minor is over the age of fourteen, there is a requirement that the child sign the change of name petition.[6]  It is significant that a specific age is provided in the statute.  In addition, children as young as thirteen years of age have been held to have reached the "age of reason" in such petitions.[7]  A young woman, about to turn seventeen, certainly understands her situation better than anyone.  Her preference carries great weight with this Court and this factor weighs very strongly in favor of the Petitioner.

7. *The effect of the change of the child's surname on the preservation and development of the child's relationship with each parent.*  Mr. Blow testified that he believed the petitions were part of an ongoing effort on the part of Ms. Smith to erase him from his childrens' lives.  Whether or not this accusation is true or even justified, is not clear.  However, I agree with Mr. Blow's assessment regarding his relationship with the children.  I find that the change of name will damage the parental relationship with Ms. Mallory Blow, as she removes herself even further from identification as his daughter.  This Court finds that this factor weighs in favor of the Respondent.

8. *The degree of community respect associated with the child's present surname and proposed surname.*  Although Mr. Blow did provide some positive family history, it does not appear that this factor supports either party.

9. *The difficulties, harassment, or embarrassment that the child may experience from bearing the present or proposed name.*  There is no evidence that Ms. Mallory Blow suffers any

---

[6] 10 *Del. C.* § 5902
[7] *In Re Change of Name of Snyder to Cammock*, 2000 WL 33653411, at *6 (Del. Com. Pl.) citing *Petition to Change the Name of Catherine M. Weber*, 1984 WL 402547 at * 1 (Del. Com. Pl.).

4

difficulty, harassment or embarrassment from others because her name is Blow. Therefore, I will weigh this factor in favor of the Respondent.

10. *The identification of the child as a part of the family unit.* Ms. Mallory Blow identifies with her mother. She does not identify with her father. However, she has one sibling who is keeping, for now, her father's name, and two siblings who petitioned to change their names. Therefore, this factor does not weigh in either party's favor.

Upon considering all of the relevant factors, it is clear that most factors weigh in favor of the Respondent. Some factors are neutral and do not support the Respondent or the Petitioner. One factor, the Petitioner's preference, however, weighs strongly in favor of granting the Petition. The Court is particularly swayed by Mallory's age and testimony regarding her preference for the name Smith. On that reasoning, the Court concludes that it is in Ms. Mallory Blow's best interest to have her name changed from Mallory Sinclair Blow to Mallory Sinclair Smith. The Petition is granted. The original orders are enclosed for Ms. Smith and copies are enclosed for Mr. Blow.

It is important to note that a name change does not change the parental rights or duties of either of the parents.[8] When possible, this Court supports an ongoing relationship between and both parents.

**IT IS SO ORDERED.**

Sincerely,

Anne Hartnett Reigle

---

[8] *In re Change of Name of Kepley to Daniels*, 2003 WL 23112278, at *6 (Del. Com. Pl.).